IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOURDEAN LORAH, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-1018-LPS |
| CHRISTIANA CARE HOSPITAL, | : | |
| Defendant. | : | |

Jordean Lorah, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 8, 2017
Wilmington, Delaware

[signature] 

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Jordean Lorah ("Plaintiff") filed this action on November 2, 2016. (D.I. 2) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) Plaintiff moves to: (1) consider the HIPPA Act (D.I. 5); (2) include specific medical documentation as an admission (D.I. 6); and (3) amend the Complaint (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. BACKGROUND

While not clear, Plaintiff appears to complain that her medical records contain incorrect or inaccurate information, errors, false statements, false entries, and refer to medical issues that she has not been diagnosed with or for which she has been tested. She alleges that her medical history was collected on July 7, 2016, via the telephone, in preparation for surgery scheduled for the next day. She also alleges that, as of October 12, 2016, there was documentation of newly-discovered evidence regarding false medical documents. Plaintiff alleges that on February 22 and 23, May 6 and 11, June 22, July 5, August 5, 24, and 31, 2016, she was either: (1) at Defendant's medical facility for testing; (2) at a physician's appointment; (3) speaking with a privacy officer in the legal risk department; or (4) picking up copies of her lab work. Plaintiff alleges that the dissemination of false information was communicated by Defendant's employees. It appears that Plaintiff reviewed her medical records, discovered the errors, and some corrections were made, but a few medical entries remain "undiagnosed." (*See* D.I. 2)

Plaintiff frames her allegations as: (1) a First Amendment violation of her right to privacy "as it misrepresents the facts of [her] present or past circumstances;" (2) a Fourteenth Amendment violation "suspect identify, regarding no legitimate purpose which deprived [her] of her citizenship

1

and national origin pertaining to life, liberty, [and] property as it falsely misrepresents [her] identity;" (3) a HIPPA violation, as her "privacy has been invaded as she has been strictly scrutinized and isolated as if she was a health risk;" (4) Defendant's failure to comply with 18 U.S.C. § 1035(2) "false statements or false writing"; (5) a violation of 42 C.F.R. 482.24(c) "standard condition of participation medical information must support diagnosis;" and (6) a violation of 8 U.S.C. § 1324c for document fraud in preparing "a document that is false resulting in false misrepresentation and false statements."

Plaintiff seeks mediation to resolve the dispute, as well as penalties under 8 U.S.C. § 1324c for document fraud, ranging from $250 to $2,000 per page.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878

2

F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). While "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

3

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Criminal Statutes

Plaintiff seeks recovery under federal criminal statutes 18 U.S.C. § 1035(2) and 8 U.S.C. § 1324c. To the extent that Plaintiff seeks to impose criminal liability upon Defendant pursuant to the criminal statutes upon which she relies, she lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. Mar. 17, 2008); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

In addition, these criminal statutes do not give rise to a private cause of action. *See Avdeef v. Rockline Indus., Inc.*, 2013 WL 12099295, at *2 (N.D. Tx. Apr. 4, 2013) (no private right of action under 18 U.S.C. § 1035); *Anders v. Purifoy*, 2016 WL 3102229, at *1 (W.D. Tenn. June 2, 2016) (18

4

U.S.C. § 1324c does not provide for private right of action); *Mecado v. Quantum Servicing Corp.*, 2015 WL 1969028, at *1 (E.D.N.Y. Apr. 29, 2015) (there is no private right of enforcement under § 1324c).

Therefore, the Court will dismiss the claims raised pursuant to federal criminal statutes as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Constitutional Claims

Plaintiff alleges that Defendant violated her rights under the First and Fourteenth Amendments to the United States Constitution. Conduct by a private actor generally does not give rise to a claim for violations of a plaintiff's federal constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). While a private individual may be liable under 42 U.S.C. § 1983, such liability requires that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). "The critical issue is whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state." *Cruz v. Donnelly*, 727 F.2d 79, 82 (3d Cir. 1984).

There are no claims that Defendant is a state actor. The constitutional violation claims are legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### C. HIPPA

Plaintiff alleges in a conclusory manner an invasion of her privacy in violation of HIPPA. To the extent Plaintiff seeks to raise a claim under HIPPA, the claim fails. HIPPA does not provide a private right of action. *See Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 468 (D.N.J. 2013) ("HIPPA does not provide a private right of action to remedy HIPPA violations"); *Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011) ("There is no federal private right of action

5

under HIPPA."). Therefore, the Court will dismiss the HIPPA claim as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### D. 42 C.F.R. 482.24(c)

Plaintiff seems to allege violations of 42 C.F.R. 482.24(c). This federal regulation does not provide Plaintiff with a private right of action. Instead, it is a Medicare condition of participation regulation that provides medical record services guidance. *See Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, 2014 WL 2968251, at *7 n.5 (M.D. Fla. July 1, 2014). Plaintiff's claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### E. Supplemental Jurisdiction

To the extent Plaintiff attempts to raise claims under Delaware law, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot the motions to consider the HIPPA Act (D.I. 5), to include specific medical documentation as an admission (D.I. 6), to amend the Complaint (D.I. 7)[1], and concerning Department of Justice and Medicaid fraud (D.I. 10); (2) dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and (3) decline to exercise supplemental jurisdiction. The Court finds amendment futile.

An appropriate Order follows.

---

[1] Plaintiff's claims are frivolous. In addition, the proposed amendments are also frivolous. Where the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).